UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Nautilus Insurance Company,<br><br>              Plaintiff,<br><br>vs.<br><br>Keave W. Bayes, Craig Rutland, and Kenneth Darrell Andrews,<br><br>              Defendants. | Case No.<br>1:22-cv-00064<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**(Non-jury)** |

Plaintiff Nautilus Insurance Company ("Nautilus"), complaining of the Defendants Keave W. Bayes ("Bayes"), Craig Rutland ("Rutland"), and Kenneth Darrell Andrews ("Andrews") (collectively "Defendants"), respectfully alleges and states as follows:

## BACKGROUND

1. Nautilus is an insurance company organized and existing under the laws of the state of Arizona with its principal place of business in the state of Arizona, and writes insurance policies in the state of North Carolina.

2. Defendant Bayes is an individual who is a citizen of the state of North Carolina.

3. Defendant Rutland is an individual who is a citizen of the state of North Carolina.

4. Defendant Andrews is an individual who is a citizen of the state of North Carolina.

5. The loss and claims at issue in this case arise out of incidents that occurred in North Carolina. This case involves the interpretation of an insurance policy entered in North Carolina and that insures interests in North Carolina.

6. Jurisdiction exists because there is complete diversity of citizenship between Nautilus and the Defendants, and the amount in controversy, including the potential costs of

defending and indemnifying the Defendants Andrews and Rutland, exceeds $75,000.00. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

7. Venue is appropriate under 28 U.S.C. § 1391 because the substantial part of the events giving rise to the request for insurance coverage occurred in this district.

8. This is an insurance coverage action brought pursuant to the provisions of the Uniform Declaratory Judgment Act, as codified in 28 U.S.C. §§ 2201-2202, and Federal Rule of Civil Procedure 57 to determine whether Nautilus has a duty to defend or indemnify Defendants Andrews or Rutland for all claims related to and arising out of the actions alleged in the underlying lawsuit styled *Keave W. Bayes v. Kenneth Darrell Andrews, Carolina Forest Products, Inc. and Craig Rutland*, currently pending in the General Court of Justice, Superior Court Division, for Johnston County, North Carolina ("Underlying Lawsuit"). A true and correct copy of the complaint in the Underlying Lawsuit is attached as **Exhibit A**, and the allegations of the complaint are incorporated as if fully stated here.

## FACTUAL BACKGROUND

### A. Underlying Lawsuit

9. Bayes has filed the Underlying Lawsuit against Defendants Rutland and Andrews alleging injuries sustained on February 14, 2018, at a logging project in Moore County when a log being loaded onto a tractor-trailer fell and struck Bayes.

10. Per the allegations of the complaint in the Underlying Lawsuit, Bayes was a truck driver and the owner of the tractor trailer involved in the accident.

11. It is also alleged in the Underlying Lawsuit that Andrews was operating the loader and loaded the logs on the tractor-trailer before a log fell and struck Bayes.

12. It is further alleged in the Underlying Lawsuit that Andrews was acting as an employee, agent, or subcontractor of Rutland at the time of the accident.

13. Upon information and belief, Bayes was acting as an employee, casual worker, contractor, subcontractor, and/or independent contractor of Rutland at the time of the accident.

14. The Underlying Lawsuit contains causes of action for negligence and gross negligence against Defendants Rutland and Andrews.

15. Nautilus is currently defending both Defendants Rutland and Andrews in connection with the Underlying Lawsuit under a full reservation of rights.

**B.     The Policy**

16. Nautilus issued a commercial lines policy, policy number NN864113, to Craig Rutland as the named insured for the November 12, 2017 to November 12, 2018 policy period ("the Policy"). A true and correct copy of the Policy is attached as **Exhibit B**, and the terms of the Policy are incorporated as if fully stated here.

17. The Policy has a limit of insurance of $1 million for each occurrence.

18. The Policy provides:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.     Insuring Agreement**

    **a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

  **(1)**   The amount we will pay for damages is limited as described in Section **III** – Limits of Insurance; and

  **(2)**   Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgements or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

 * * *

19.   The Policy also includes the following endorsement in form CG 21 09 06 15 which provides in pertinent part:

**EXCLUSION – UNMANNED AIRCRAFT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABLITY COVERAGE PART

A.   Exclusion **2.g. Aircraft Auto Or Watercraft** under **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

 **2.**   **Exclusions**
  This insurance does not apply to:

  **g.**   **Aircraft, Auto Or Watercraft**

   ****

  **(2)**   **Aircraft (Other Than Unmanned Aircraft), Auto Or Watercraft**

   "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

   This Paragraph **g.(2)** applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

   This Paragraph **g.(2)** does not apply to:

4

> **(a)** A watercraft while ashore on premises you own or rent;
>
> **(b)** A watercraft you do not own that is:
>   **(i)** Less than 26 feet long; and
>   **(ii)** Not being used to carry persons or property for a charge;
>
> **(c)** Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;
>
> **(d)** Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft; or
>
> **(e)** "Bodily injury" or "property damage" arising out of:
>   **(i)** The operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged; or
>   **(ii)** The operation of any of the machinery or equipment listed in Paragraph **f.(2)** or **f.(3)** of the definition of "mobile equipment".

20. The damages being sought in the Underlying Lawsuit are barred from coverage under the Policy's Exclusion – Unmanned Aircraft endorsement.

21. The Policy also includes the following endorsement set forth in form L205 (11/10) in pertinent part:

> **EXCLUSION – INJURY TO EMPLOYEES, CONTRACTORS, VOLUNTEERS AND OTHER WORKERS**
>
> This endorsement modifies insurance provided under the following:
>   COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> **A.** Exclusion **e. Employer's Liability** of **2. Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability** is **replaced** by the following:
>
>   This insurance does not apply to:

5

  **e.**   **Injury to Employees, Contractors, Volunteers and Other Workers**
"Bodily injury" to:
- **(1)** "Employees", "leased workers'', "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors of any insured; or
- **(2)** Any insured's contractors', subcontractors', or independent contractors' "employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors

arising out of the course of:
- **(a)** Employment by any insured; or
- **(b)** Directly or indirectly performing duties related to the conduct of any insured's business; or
- **(3)** The spouse, child, parent, brother or sister of that "employee", "leased worker", "temporary worker", "volunteer worker", statutory "employee", casual worker, seasonal worker, contractor, subcontractors, or independent contractor arising out of Paragraph **(1)** or **(2)** above.

This exclusion applies:

- **(1)** Regardless of where the:
  - (a) Services are performed; or
  - (b) "bodily injury" occurs; and
- **(2)** Whether any insured may be liable as an employer or in any other capacity; and
- **(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

22.  The damages being sought in the Underlying Lawsuit are barred from coverage under the Exclusion – Injury To Employees, Contractors, Volunteers And Other Workers endorsement.

23.  Nautilus is entitled to a judicial declaration that it owes no duty of defense or indemnification for Defendants Rutland and Andrews regarding the claims against them in the Underlying Lawsuit.

## FOR A FIRST DECLARATION
### (Exclusion – Unmanned Aircraft)

24. The allegations contained in paragraphs 1 through 23 are incorporated as if fully stated here.

25. The injuries and damages alleged by Bayes in the Underlying Lawsuit arose out of the use of an auto that was operated by and/or rented to an insured.

26. Accordingly, the Exclusion – Unmanned Aircraft endorsement operates to exclude coverage for the claims alleged in the Underlying Lawsuit.

27. Because there is no coverage under the Policy, no duty to defend or indemnify Defendants Rutland and Andrews arises under the Policy, and Nautilus is entitled to a declaration from this Court that it has no defense or indemnification obligations under the Policy in connection with the claims alleged in the Underlying Lawsuit because coverage is barred by this exclusion.

## FOR A SECOND DECLARATION
### (Exclusion – Injury To Employees, Contractors, Volunteers And Other Workers)

28. The allegations contained in paragraphs 1 through 27 are incorporated as if fully stated here.

29. Under the Exclusion – Injury To Employees, Contractors, Volunteers And Other Workers endorsement, the insurance does not apply to bodily injury to employees, casual worker, contractors, subcontractors, or independent contractors of any insured arising out of and in the course of employment by any insured or performing duties related to the conduct of any insured's business.

30. At the time of the accident, Bayes was an employee, casual worker, contractor, subcontractor, and/or independent contractor of Rutland, the named insured on the Nautilus Policy.

31. Bayes' bodily injuries arose out of his employment by Rutland.

32. Bayes' bodily injuries arose out of Bayes performing duties related to the conduct of

7

Rutland's business.

33. As a result, the Exclusion – Injury To Employees, Contractors, Volunteers And Other Workers endorsement operates to exclude coverage for this claim.

34. Accordingly, because there is no coverage under the Policy, no duty to defend or indemnify Rutland or Andrews arises under the Policy, and Nautilus is entitled to a declaration from this Court that it has no defense or indemnification obligations under the Policy in connection with the claims alleged in the Underlying Lawsuit because coverage is barred by this exclusion.

WHEREFORE, a justiciable controversy exists between the parties in this action arising out of these claims. Therefore, Nautilus prays that the Court enter judgment in its favor:

a. Declaring that the Policy's Exclusion – Unmanned Aircraft endorsement precludes coverage for the claims asserted in the Underlying Lawsuit; and

b. Declaring that the Policy's Exclusion – Injury To Employees, Contractors, Volunteers And Other Workers endorsement precludes coverage for the claims asserted in the Underlying Lawsuit; and

c. Declaring that Nautilus has no duty to defend or indemnify Rutland and Andrews against the Underlying Lawsuit.

Nautilus prays that it be granted the relief set forth above, the costs of this action, and any such other and further relief as this Court shall deem just and proper.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | GALLIVAN, WHITE & BOYD, P.A. |
| January 26, 2022 | */s/ James M. Dedman, IV* |
|  | James M. Dedman, IV (NC Bar No. 37415) |
|  | GALLIVAN, WHITE, & BOYD, P.A. |
|  | 6805 Morrison Blvd., Suite 200 |
|  | Charlotte, NC 28211 |
|  | (704) 552-1712 (Telephone) |
|  | (704) 362-4850 (Fax) |
|  | jdedman@gwblawfirm.com |

*Attorneys for Defendant,
Nautilus Insurance Company*