FILED

NORTH CAROLINA                                    IN THE GENERAL COURT OF JUSTICE
JOHNSTON COUNTY   2020 APR 23 A 11: 08  SUPERIOR COURT DIVISION
                                                       FILE NO.

JOHNSTON CO., C.S.C.

KEAVE W. BAYES
          Plaintiff

    v.                                )
                                      )          COMPLAINT
KENNETH DARRELL ANDREWS,              )
CAROLINA FOREST PRODUCTS, INC.,       )
AND CRAIG RUTLAND                     )
          Defendants                  )

NOW COMES Keave W. Bayes (herein at times referred to as "Keave Bayes" or "Mr. Bayes") by and through his attorneys of record, complaining of the defendants, individually, jointly and severally, as follows:

1. On February 14, 2018, a log fell onto Keave Bayes' head.

2. As a direct and proximate result of the log falling onto Mr. Bayes, he sustained serious and permanent injuries including skull fractures and brain injuries.

3. The incident described in Paragraph 1 occurred at a location where wood was being loaded onto trailers of tractor-trailer rigs (hereinafter referred to as "the logging deck").

4. Keave Bayes was a truck driver.

5. On information and belief, a loader or similar piece of forestry equipment with a boom and grapple (herein referred to as "the loader") dropped the log or knocked it off a load of wood already loaded on the trailer attached to Mr. Bayes' tractor truck.

6. At the time the log hit Keave Bayes, he was standing on the ground on the driver's side of his tractor-trailer rig.

7. Prior to the time Keave Bayes was struck by the log, the loader had loaded wood onto the trailer of Keave Bayes' tractor-trailer rig.

8. The load of wood already loaded on the trailer was taller than Mr. Bayes.

9. At the time the log hit Mr. Bayes, the loader was located on the passenger side of Keave Bayes' tractor-trailer rig.

10. Immediately before the log hit Mr. Bayes, the operator of the loader could not see someone standing on the ground on the driver's side of the tractor-trailer rig because the loader was on the passenger side of the tractor-trailer and the load was so tall that it blocked the loader operator's view.

11. At the time the wood was being loaded onto the trailer, Keave Bayes was seated in the cab of his tractor truck.

12. When he was in the cab of his truck, Mr. Bayes received a radio or telephone call that the trailer was loaded.

13. After receiving the call, Keave Bayes got out of the cab of his tractor so he could secure the load of wood to the trailer with straps.

14. On information and belief, the log that hit Keave Bayes was being moved or touched by the loader on the passenger side of the tractor-trailer rig immediately before it hit Mr. Bayes.

15. On information and belief, the trailer was equipped with stakes on its sides that were used along with the straps on the trailer to secure wood on the trailer.

16. On information and belief, the stakes of the trailer extended upward and wood was not supposed to be loaded above the top of the stakes so it would not fall off.

17. On information and belief, the stakes of the trailer were spaced apart and wood shorter than the span between the stakes was not supposed to be loaded so it could not fall out between the stakes.

18. On information and belief, the log that hit Keave Bayes was on top of a stack of wood and higher than the top stakes of the trailer.

19. On information and belief, and in the alternative, the log that hit Keave Bayes was shorter than the length of the span between the stakes of the trailer.

20. On information and belief, the loader was owned by defendant Andrews.

21. On information and belief, the loader was owned by defendant Carolina Forest Products, Inc., (herein at times referred to as "CFP").

22. On information and belief, the loader was owned by defendant Rutland.

23. Keave Bayes is a citizen and resident of Lee County, North Carolina.

24. On information and belief, defendant Andrews is a citizen and resident of Johnston County.

25. On information and belief, defendant CFP is a corporation organized and existing under the laws of North Carolina which maintains its principal place of business in Lee County, North Carolina.

26. On information and belief, defendant Rutland is a citizen and resident of Moore County, North Carolina.

27. On information and belief, defendant Andrews was operating the loader on February 14, 2018 at the time of the incident described herein.

28. On information and belief, defendant Andrews loaded the wood on Mr. Bayes' trailer before the log fell.

29. On information and belief, no one besides defendant Andrews loaded wood on Mr. Bayes' trailer before the log fell.

30. On information and belief, defendant Andrews radioed or called Keave Bayes prior to the time Keave Bayes got out of the cab of his truck and told Mr. Bayes that the trailer was loaded.

31. On information and belief, defendant Rutland was at the logging deck at the time of the incident.

32. On information and belief, defendant Rutland radioed or called Keave Bayes prior to the time Keave Bayes got out of the cab of his truck and told Mr. Bayes that the trailer was loaded.

33. On information and belief, there were other people besides Keave Bayes, defendant Andrews and defendant Rutland in the area of the logging deck around the time when the incident occurred.

34. On information and belief, there were other trucks, vehicles and/or equipment besides Keave Bayes' tractor-trailer rig and the loader in the area of the logging deck around the time when the incident occurred.

35. Keave Bayes did not cut or trim any of the wood which was being loaded at the logging deck where the incident occurred.

36. Keave Bayes did not operate the loader or any other piece of equipment to load the wood that was loaded onto the trailer of his tractor-trailer rig before the log hit him.

37. On information and belief on February 14, 2018, defendant CFP had an ownership interest in the wood that was being cut and loaded at the logging deck, including the log that hit Keave Bayes.

38. On information and belief on February 14, 2018, defendant CFP had the ability to supervise and/or direct the activities at the logging deck, including cutting and loading wood.

39. On information and belief on February 14, 2018, defendant Rutland had the ability to supervise and/or direct the activities at the logging deck, including cutting and loading wood.

40. Cutting and loading wood in proximity to people, vehicles and equipment are dangerous activities.

41. On February 14, 2018, defendant Andrews knew or should have known that cutting and loading wood in proximity to people, vehicles and equipment were dangerous activities.

42. On February 14, 2018, defendant CFP knew or should have known that cutting and loading wood in proximity to people, vehicles and equipment were dangerous activities.

43. On February 14, 2018, defendant Rutland knew or should have known that cutting and loading wood in proximity to people, vehicles and equipment were dangerous activities.

44. As a direct and proximate result of being hit by the log, Keave Bayes was injured; he has undergone medical care; he has incurred medical expenses; he has lost earnings; he has had physical pain and mental suffering; further, he is informed and believes that some or all of his injures are permanent and that he will continue to need medical care and incur medical expenses, lose earnings, and have physical pain and mental suffering in the future.

45. Keave Bayes was born April 1, 1956.

46. At the time of this action was filed, Keave Bayes is 64 years old, and his life expectancy, according to N.C. Gen. Stat. §8-46, is 18.2 years.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT ANDREWS

47. Each and every other allegation of the Complaint is incorporated by reference herein where relevant.

48. On February 14, 2018, at all times pertinent to this action, defendant Andrews was negligent by one or more of the following acts or omissions.

    a. He operated the loader on the passenger side of Keave Bayes' tractor-trailer rig;

    b. He stacked the wood on the trailer above the height of the stakes on the trailer;

    c. He loaded logs that were shorter than the length of the span between the stakes on the trailer;

    d. He continued to operate the loader so that it came in contact with a log, or logs, after he had radioed or called Keave Bayes to tell him that the load was complete;

    e. He continued to operate the loader when he could not see a person standing on the ground on the driver's side of the trailer;

    f. He did not properly and safely load the wood on the trailer;

    g. He did not exercise that degree of care which a reasonable, safe loader operator would have exercised under the circumstances then and there existing;

    h. He was otherwise negligent as will be shown through discovery and proven at the trial of this action.

49. Some or all of the acts and omissions of defendant Andrews, more particularly described in paragraph 48 above, demonstrated a conscious and/or intentional disregard of and indifference to the rights and safety of others, including Keave Bayes, and as such, constituted gross negligence.

X:\Clients\B\BayesKeave-PI\PLEADINGS\Complaint FINAL.docx

Case 1:22-cv-00064-CCE-JLW   Document 1-1   Filed 01/26/22   Page 6 of 10

50. As a direct and proximate result of the acts and omissions of defendant Andrews, Keave Bayes is entitled to recover compensatory damages from Andrews in an amount in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000).

<u>SECOND CAUSE OF ACTION AGAINST DEFENDANT CFP</u>

51. Each and every other allegation of the Complaint is incorporated by reference herein where relevant.

52. On information and belief, CFP owned the loader.

53. On information and belief at all times pertinent to this action, defendant Andrews was operating the loader with the permission and consent of CFP.

54. At all times pertinent to this action, defendant Andrews was operating the loader as the agent of defendant CFP with the result that the acts and omissions of defendant Andrews, more particularly described in paragraph 48 above, are imputed to defendant CFP by operation of law.

55. On information and belief at all times pertinent to this action, defendant Rutland was acting as an employee, agent, or subcontractor of CFP with the result that the acts and omissions of defendant Rutland, more particularly described in paragraph 64 are imputed to defendant CFP by operation of law.

56. In addition to the acts and omissions of defendant Andrews and defendant Rutland, defendant CFP was negligent on February 14, 2018 by one or more of the following acts and omissions:

   a. CFP did not properly and reasonably select the operator of the loader;

   b. CFP did not properly and reasonably train the operator of the loader;

   c. CFP did not properly and reasonably supervise use of its loader;

d. CFP did not maintain reasonable, prudent and adequate supervision and control of the logging deck and the individuals it allowed on the logging deck;

e. CFP did not properly select a supervisor to be on the site;

f. CFP did not properly train the supervisor for the site;

g. CFP failed to promulgate and enforce sufficient precautions and procedures for the site;

h. CFP was otherwise negligent as will be shown through discovery and proven at the trial of this action.

57. Some or all of the acts and omissions of CFP, and its agents, defendant Andrews and defendant Rutland, demonstrated a conscious and intentional disregard to the rights and safety of others, including Keave Bayes; and therefore, constituted gross negligence.

58. As a direct and proximate result of the acts and omissions of defendant CFP and/or its agents, Keave Bayes is entitled to recover compensatory damages from CFP in an amount in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000).

## THIRD CAUSE OF ACTION AGAINST DEFENDANT RUTLAND

59. Each and every other allegation of the Complaint is incorporated by reference herein where relevant.

60. On information and belief, defendant Rutland owned the loader.

61. On information and belief, defendant Andrews was operating the loader with the permission and consent of defendant Rutland, and therefore, defendant Andrews was operating the loader as the agent of defendant Rutland.

62. The acts and omissions of defendant Andrews, more particularly described in paragraph 48 above, are imputed to defendant Rutland by operation of law.

63. On information and belief, at the time of the incident, defendant Andrews was acting as an employee, agent, or subcontractor of defendant Rutland.

64. In addition to the acts and omissions of defendant Andrews, defendant Rutland was negligent on February 14, 2018 by one or more of the following acts and omissions:

    a. Rutland did not properly and reasonably select the operator of the loader;

    b. Rutland did not properly and reasonably train the operator of the loader;

    c. Rutland did not properly and reasonably supervise use of his loader;

    d. Rutland did not maintain reasonable, prudent and adequate supervision and control of the logging deck and the individuals it allowed on the logging deck;

    e. Rutland did not properly select a supervisor to be on the site;

    f. Rutland did not properly train the supervisor for the site;

    g. Rutland failed to promulgate and enforce sufficient precautions and procedures for the site;

    h. Rutland was otherwise negligent as will be shown through discovery and proven at the trial of this action.

65. Some or all of the acts and omissions of Rutland, and his agent defendant Andrews, demonstrated a conscious and intentional disregard to the rights and safety of others, including Keave Bayes; and therefore, constituted gross negligence.

66. As a direct and proximate result of the acts and omissions of defendant Rutland, or his agents, Keave Bayes is entitled to recover compensatory damages from defendant Rutland in an amount in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000).

## PRAYER FOR RELIEF

WHEREFORE, having stated claims at the defendants, and each of them, Keave Bayes prays that he have and recover of defendants, individually, jointly and/or severally:

1. Compensatory damages from defendant Andrews in an amount in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000).

2. Compensatory damages from defendant CFP in an amount in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000).

3. Compensatory damages from defendant Rutland in an amount in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000).

4. For the costs of this action, including interest as allowed by law.

5. For such other and further relief as the court may deem just and proper.

6. FOR A TRIAL BY JURY OF ALL ISSUES SO TRIABLE HEREIN.

This the 21st day of April, 2020.

SANFORD THOMPSON, PLLC

By: _Sanford W. Thompson IV by JPG_
Sanford W. Thompson, IV
Attorney for Plaintiff
NCSB# 9496
4800 Six Forks Rd., Ste. 100
Raleigh, NC 27609
(919) 784-9007
Sanford@sthompsonlaw.com

HARDISON & COCHRAN PLLC

By: _[signature]_
John Paul Godwin
Attorney for Plaintiff
NCSB#41264
P.O. Box 17289
Raleigh, NC 27619
(919) 829-0449
john@lawyernc.com