| | |
|---|---|
| Nautilus Insurance Company,<br><br>        Plaintiff,<br><br>v.<br><br>Keave W. Bayes, Craig Rutland, and<br>Kenneth Darrell Andrews,<br><br>        Defendants. | **PLAINTIFF NAUTILUS INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE DEFENDANT KEAVE BAYES' EXPERT BRYAN TILDEN** |

Pursuant to Rule 702, FRE, Plaintiff Nautilus Insurance Company ("Nautilus") hereby submits this Memorandum in Support of its Motion to exclude the putative expert opinions of Bryan Tilden, a witness proffered by Defendant Keave W. Bayes' ("Bayes") as a purported expert in this matter. As outlined in further detail below, Mr. Tilden's opinions and report should be excluded because they invade the province of the Court, exceed the bounds of permissible expert testimony under Rule 702 and would only serve to unduly prejudice Nautilus, confuse the issues, and mislead the trier of fact.

## RELEVANT BACKGROUND:

### 1. **Background**

This matter is an insurance coverage case which stems from an underlying action ("Underlying Lawsuit") filed by Defendant Bayes against Defendants Craig Ruland ("Rutland") and Kenneth Andrews ("Andrews"). (DE 1, Complaint For Declaratory Judgment, ¶¶8-9). Nautilus filed this Declaratory Judgment requesting for this Court to make a declaration that the commercial general liability coverage in the commercial lines policy issued by Nautilus to Rutland does not provide coverage for Bayes' claims in the Underlying Lawsuit. Specifically, Nautilus

1

asserts that the Exclusion – Injury to Employees, Contractors, Volunteer and other Workers endorsement bars coverage for Bayes' claims.[1]

The Underlying Lawsuit[2] concerns an accident which occurred on February 14, 2018, at a logging project in Moore County, North Carolina. (DE 1, ¶9). A log being loaded onto a tractor-trailer by a piece of forestry equipment fell and struck Bayes, who was the driver of the tractor-trailer involved in the accident. (DE 1, ¶¶9-10; DE 1-1, ¶5). Rutland was acting as a supervisor of the project at the time of the accident. (DE 1-1, ¶39). Andrews, who was acting as an employee, agent or subcontractor of Rutland, was operating the loader at the time the log fell and struck Bayes. (DE 1, ¶¶11-12). Bayes was acting as an independent contractor/subcontractor of Rutland at the time of the accident. (DE 1, ¶13). As a result of the accident, Bayes was injured and incurred medical expenses and lost wages. (DE 1-1, ¶44).

Nautilus provided a defense to both Defendant Rutland and Defendant Andrews throughout the duration of the Underlying Lawsuit, subject to a full reservation of rights. (DE 1, ¶¶14-15). The Underlying Lawsuit was tried in front of a jury from March 31 - April 5, 2022 in the General Court of Justice, Superior Court Division in Johnston County, North Carolina. The jury returned a verdict of $3 million for Bayes. This verdict is in excess of the commercial general liability coverage limits in the Nautilus policy.

Nautilus filed this Declaratory Judgment on January 26, 2022 against Bayes, Rutland, and Andrews. The Declaratory Judgment requests a declaration that the commercial lines policy issued

---

[1] Nautilus has communicated to Bayes that it no longer is pursuing its First Declaration in its Complaint regarding the Exclusion – Unmanned Aircraft endorsement.

[2] Many of the facts are taken from the allegations in the Underlying Lawsuit. *See Keave W. Bayes v. Kenneth Darrell Andrews, Carolina Forest Products, Inc., and Craig Rutland*, Case no. 20CVS001358, In the General Court of Justice Superior Court Division, Johnston County, North Carolina. That complaint is an exhibit to the Complaint for Declaratory Judgment, DE 1-1. ("Underlying Complaint").

2

by Nautilus to Rutland as a named insured for the November 12, 2017 to November 12, 2018, policy period (the "Policy") does not afford liability coverage for the claims in the Underlying Lawsuit. (DE 1, ¶16). The liability coverage has a limit of $1 million for each occurrence. A true and accurate copy of the Nautilus policy was attached to the Complaint as an exhibit (Policy, DE 1-2).

Bayes filed an Answer and Counterclaim on February 11, 2022 (DE 8, Answer and Counterclaim).[3] In his Counterclaim, Bayes seeks numerous and varied declarations, to include that Rutland and Andrews were insured under the Policy; no exclusion in the Policy bars coverage to either Rutland or Andrews for Bayes' claims in the Underlying Lawsuit; and that Bayes did not engage in logging at the location of the accident. (DE 8, ¶¶141-145). Additionally, Bayes also sought the following declarations:

- Nautilus did not conduct a reasonable and thorough investigation of the claim and coverage applicable to the Underlying Lawsuit;

- Nautilus did not settle the claims of Bayes against Rutland and Andrews in the way that a reasonable, prudent insurance company would have settled or otherwise engaged in one or more unfair claim settlement practices pursuant to N.C. Gen. Stat. § 58-63-15(11); and

- Nautilus must indemnify Rutland and/or Andrews and pay the entire verdict, interest and costs from the Underlying Lawsuit.

(DE 8, ¶¶146-48). Bayes also sought the "right to prosecute the claims of Rutland and/or Andrews and state additional claims in the event Keave Bayes gets a verdict and judgment in the Underlying Lawsuit."[4] (DE 8, ¶149).

---

[3] Neither Andrews nor Rutland have appeared in this action, and the Court entered orders of default against both defendants on April 8, 2022. (DE 21 and DE 22).
[4] Bayes asserted this declaration as a defense as well, reserving the right to join with Andrews and/or Rutland to assert any claims they may have for Unfair Claims Handling, Bad Faith, or other torts. (DE 8, Fifth Defense).

In response to the declarations sought by Bayes concerning Nautilus's handling of the claim, bad faith, or other "torts", Nautilus filed a Motion for Judgment on the Pleadings, seeking an order that such declarations and/or claims are not available (DE 34). After briefing, the Court issued an Order granting in part and denying in part Nautilus's Motion for Judgment on the Pleadings. (DE 44). Significantly, the Court dismissed all of Bayes declarations and/or counterclaims concerning claims handling, unfair claims handling, bad faith, or other related torts. (DE 44, pp. 2-5). Thus, the only issue that remains in this coverage dispute concern whether the policy covers the loss.

## II.     **Bayes' Purported Expert Witness**

Pursuant to F.R.C.P. 26(a)(2), Bayes identified Bryan Tilden as an "Individual Likely to have Discoverable Information" and summarized Tilden's role as:

> Testimony, including expert testimony and opinions, regarding insurance principles, insurance policy underwriting, insurance policy forms, assembly of insurance policies, matters regarding how insurance agents and surplus lines brokers offer, sell, explain, communication with policy holders and insurance carriers, and service policies, insurance claim reporting and investigation; analysis of insurance coverage, analysis of the facts and information available to Nautilus; principles and responsibilities when an insurance company communicates Reservation of Rights and Denial; North Carolina insurance laws; matters referenced or pertaining to Mr. Tilden's report which was sent to Nautilus' lawyers on September 15, 2022 . . . ; other matters which are relevant, reasonably calculated to lead to matters relevant to the issues before the court; other matters related to responses to questions from Nautilus' lawyers or the Court; and matters related to respond to [*sic*] any expert identified by Nautilus.

(Ex A, Bayes Supplemental 26(a)(2) disclosures, September 19, 2022).[5]

Tilden's September 15, 2022 Report purports to interpret the insurance policy and coverage at issue. (Ex. A, Tilden Report, pp. 8-21). The Report also notes that Tilden was retained "to, in

---

[5] To the extent Bayes' disclosure of Tilden indicates Tilden can offer lay witness testimony, such testimony would be wholly improper, as he was not a witness to the underlying claim and does not have any direct knowledge of Nautilus' adjustment of the claim or coverage evaluation.

summary, provide my expert opinions relating to the *adjustment of a loss* [. . . .]" (Ex. A, p. 2) (emphasis added). He further states that "it is not possible to review the *handling of matters* without reference to industry rules, regulations, policy terms and conditions, the claimed loss, and the transactions at issue." (Ex. A., p. 3) (emphasis added). In the Report, Tilden discusses at length the handling of the claim by Nautilus. He also discusses in great detail his interpretation and application of two exclusions, the Unmanned Aircraft Exclusion[6] and the Exclusion – Injury to Employees, Contractors, Volunteers and Other Workers endorsement.

In addition to and in reliance on his discussions, Tilden's report includes the following opinions and/or statements:

1. "My fundamental opinion is that Nautilus failed to meet the standard of care expected of an insurance company adjusting a claim."

2. "[T]he claim was not adequately adjusted per these settled claims handling standards."

3. "Claims analysis, along with claims records, is something that one would customarily find in an insurance company's claim file."

4. "Nautilus failed to recognize that there were two insureds, by directing the Reservation of Rights letters solely to Mr. Rutland for approximately two years."

5. "Nautilus did not communicate its policy provisions accurately."

6. "Nautilus should not misstate terms and conditions to a policyholder."

7. "Nautilus should have provided Mr. Rutland and Mr. Andrews with clear communications in relation to Mr. Bayes [*sic*] claim."

8. "Nautilus's rush to find exclusionary language rather than carefully evaluate coverage for Mr. Rutland and Mr. Andrews falls well short of the customary industry practices for claims handling."

9. "Nautilus rushed to exclude coverage based on an incorrect analysis of the Unmanned Aircraft Exclusion, CG 21 09."

---

[6] Nautilus is no longer relying on this exclusion for its coverage position in this matter.

5

10. "Nautilus, in its haste to deny coverage, failed to reconcile the exclusionary differences between an employee not having coverage for injury to a co-'employee' and the Exclusion – Injury to Employees, Contractors, Volunteers and Other Workers."

11. "Nautilus failed to reference in any reservation of rights letter that the policy had a definition of 'logging or lumbering' that stated that ownership, operation, maintenance or use of an 'auto' is not 'logging or lumbering.' Thus, Mr. Bayes was not performing a duty of the business Nautilus chose for this policy, 'Logging & Lumbering.'"

12. "As to both insureds, Mr. Rutledge [sic] and Mr. Andrews, it is my opinion the exclusion [Injury to Employees, Contractors, Volunteers and Other Workers] does not apply."

13. "Nautilus [*sic*] Reservation of Rights letters did not set forth facts to support applying exclusions or otherwise deny coverage."

14. "In my review of the documents, this exclusion [Unmanned Aircraft Exclusion] would not apply, and was incorrectly asserted."

There are other similar opinions peppered throughout the Report.[7]

## ARGUMENT

All of the opinions enumerated in Tilden's report can be divided into two categories: claims handling and interpretation of the policy. Both categories are improper in this matter and as such, Tilden should be excluded.

### I.    Claims Handling Opinions

First, the claims handling opinions of Tilden are wholly irrelevant in light of the Court's order on the Motion for Judgment on the Pleadings, wherein the Court explicitly dismissed any declarations and/or counterclaims made by Bayes concerning Nautilus's handling of the claim, unfair claims handling, bad faith, or other similar torts. (DE 44). The dismissal of Bayes' claims

---

[7] Nautilus categorically denies all opinions asserted in Tilden's report.

mandates that any opinions, discussions or other statements by Tilden in support of the claims in his report should be excluded.

Moreover, in *Burrell v. Sparkkles*, 657 S.E.2d 712 (N.C. Ct. App. 2008), the Court of Appeals upheld the trial court's exclusion of an expert's similar opinions regarding (1) the sophistication of the insured; (2) policy contents; (3) conditions precedent; (4) duties of adjustors/managers; (5) constructive denial; (6) industry standards; (7) bad faith; and (8) first party status of the insured. In so doing, the Court of Appeals affirmed the trial court's conclusion that these opinions were not needed "to assist the triers of fact in understanding the evidence or determining a fact in issue, and that those opinions would invade the province of the Court in determining whether legal standards have or have not been met." *Id.* at 719. Moreover, the Court of Appeals noted that the insurance adjuster "expert" "would essentially have been substituting his judgment of the meaning of the facts of the case for that of the jury and trial court." *Id.*. This case should end the inquiry because Tilden explicitly states that he was retained to evaluate the adjustment / handling of the claim. Therefore, because Tilden's opinions and expected testimony are wholly irrelevant and would invade the province of the Court, Tilden should be excluded.

## II. Policy Interpretation Opinions

Additionally, in evaluating the handling of the claim, which is not before this Court as a result of the Order, Tilden forays into the second category of opinions, interpretation of the policy. However, these opinions regarding the application of exclusions and ultimate interpretations of the policy and coverage should be excluded because they improperly invade the province of not only the court, but the factfinder as well.

The admissibility of expert testimony is addressed by Federal Rule of Evidence 702, which provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

The expert opinions proffered by Bayes are inadmissible because the issue of policy interpretation is a question of law for the court to decide. *See ABT Bldg. Prod. Corp. v. Nat'l Union Fire Ins. Co. Of Pittsburgh*, 472 F.3d 99, 115 (4th Cir. 2006) ("In North Carolina, the interpretation of an insurance policy provision is a question of law."). Thus, expert testimony concerning policy interpretation invades the province of the court and cannot be of assistance to the trier of fact. *See, e.g., Adalman v. Baker, Watts & Co.*, 807 F.2d 359, 367 (4th Cir. 1986) abrogated on other grounds by *Pinter v. Dahl*, 486 U.S. 622 (1988) (stating experts may not construe documents for their legal effect since "there is a knowledgeable gentleman in a robe whose exclusive province it is to instruct the jury on the law"); *Forrest Creek Assoc., Ltd. v. McClean Sav. & Loan Ass'n*, 831 F.2d 1238, 1242 (4th Cir. 1987) (concluding that the district court was correct in excluding expert testimony proffered for the purpose of interpreting a contract); *Noe v. Homestead Ins. Co.,* 173 F.3d 581, 584 (6th Cir. 1999) (trial court properly excluded affidavit of law professor in granting insurer summary judgment because expert offered an "opinion on a legal matter - the proper interpretation of an insurance policy - that is well within the competence of the court").[8]

---

[8] *Accord Smith v. Continental Cas. Ins. Co.,* No. 07-CV-1214, 2008 WL 4462120 at *1 (M.D. Pa. Sept. 30, 2008) (striking portions of expert report that offered opinion on, among other things, the construction of insurance policy terms, because "[i]t is well-settled that expert testimony regarding legal conclusions, such as the interpretation of an insurance policy, is impermissible"); *McCrink v. Peoples Benefit Life Ins. Co.*, 2:04-cv-01068, 2005 WL 730688 at *4 (E.D. Pa. Mar. 29, 2005) (striking portions of expert report because expert's opinion on the construction of policy,

Tilden's Report, while heavily focused on the claims handling of Nautilus, also impermissibly interprets the policies, under the guise of "industry standards."  Indeed, Tilden goes so far as to make ultimate conclusions which are fundamental to this insurance coverage dispute regarding application of the exclusions.  Specifically, in regard to the Exclusion – Injury to Employees, Contractors, Volunteers and Other Workers endorsement, Tilden states the exclusion does not apply based on his interpretation of the language in the endorsement and elsewhere in the policy. In interpretating the endorsement, he indicates that the "analysis . . . falls to the conduct of the insured's business" and he discusses the history of the exclusion, how the premium was calculated for this policy, and policy terms contained in a separate, unrelated coverage.  (Ex A, p. 11) Tilden then improperly concludes that in his opinion, the exclusion does not apply.  (Ex A, p. 14).

Such opinions and proffered testimony are plainly impermissible because they provide expert opinion as to how the policies should be interpreted, a question that is reserved exclusively for the Court. *See, e.g., Noe,* 173 F.3d at 584 (refusing to consider expert opinion that exclusionary clauses were ambiguous because "the proper interpretation of an insurance policy is "well within the competence of the court"); *see also Piankatank River Golf Club, Inc. v. Selective Way Ins. Co.,* 2009 WL 1321512 at *4 (E.D. Va. May 11, 2009) (expert's "proposed

---

including whether a provision was ambiguous was an impermissible legal conclusion that did not assist trier of fact); *Clarendon Am. Ins. Co. v. Bayside Restaurant, LLC,* No. 8:05-cv-1662, 2006 WL 2729486 at *1-2 (M.D. Fla. Sept. 25, 2006) (expert testimony regarding policy interpretation inadmissible because policy interpretation is question of law for court); *Boddy v. Cigna Prop. & Cas. Cos.,* 760 A.2d 823, 828 (N.J. Super. Ct. App. Div. 2000) (expert opinion that policy exclusion was ambiguous and poorly drafted was inadmissible because interpretation of policy language was matter of law for court).

testimony, which seeks to interpret the challenged provisions of [the policy at issue] is improper under the established application of Fed.R.Evid. 702 because it is "improper for a court to rely on expert testimony for the purposes of interpreting certain terms and/or clauses of a contract"); *Smith v. Continental Casualty Co.*, 2008 WL 4462120 at \*1 (M.D. Pa. Sept. 30, 2008) (excluding expert testimony regarding policy interpretation because "[i]t is well-settled that expert testimony regarding legal conclusions, such as the interpretation of an insurance policy, is impermissible").

Thus, because Tilden's opinions involve interpretation and application of the terms of the policy, which are questions of law for the Court, Tilden should be excluded.

<b><u>CONCLUSION</u></b>:

For the foregoing reasons, Nautilus respectfully requests that the Court exclude the opinions and Report of Brian Tilden, Bayes' purported expert witness.[9]

[<i>Signature to Follow</i>]

---

[9] In seeking this relief, Nautilus also requests, in the spirit of judicial efficiency, that the deposition of Tilden be permitted to be conducted, if necessary based on the Court's ruling, after the discovery deadline on December 22, 2022, so as to not incur unnecessary costs should the Court grant Nautilus's Motion. For the same reason, Nautilus requests a stay of any attempt by Bayes to depose Nautilus's rebuttal expert, who was retained to rebut Tilden's opinions and testimony.

10

Respectfully submitted,

s/James M. Dedman, IV

James M. Dedman, IV (N.C. Bar No. 37415)
GALLIVAN, WHITE, & BOYD, P.A.
6805 Carnegie Blvd., Suite 200
Charlotte, NC 28211
704-552-1712
jdedman@gwblawfirm.com

and

Shelley S. Montague
(*Admitted by Special Appearance)*
GALLIVAN, WHITE & BOYD, P.A.
PO Box 7368
Columbia, SC 29202-7368
803-779-1833
smontague@gwblawfirm.com

*Attorneys for Plaintiff*
*Nautilus Insurance Company*

November 15, 2022

11