IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| NAUTILUS INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:22-CV-64 |
| | ) | |
| KEAVE W. BAYES, et al., | ) | |
| | ) | |
| Defendants | ) | |

## <u>ORDER</u>

The plaintiff moves to exclude the opinions of Bryan Tilden, the expert proferred by defendant Keave Bayes. Doc. 46. The Court previously entered judgment on the pleadings dismissing any counterclaims related to alleged improper handling of Mr. Rutland's insurance claim and unfair trade practices. Every proposed opinion of Mr. Tilden appears relevant only to those issues. Mr. Bayes has not explained how Mr. Tilden's opinions would be relevant or admissible on the remaining claims or counterclaims.

The defendant points out that the plaintiff has identified an expert on the same topics, *see* Doc. 50, and that the plaintiff has not withdrawn that designation. Doc. 52 at 2–3. But the plaintiff's expert, Bernd Heinze, "was only obtained" as a rebuttal witness to Mr. Tilden, and the plaintiff acknowledges that exclusion of Mr. Tilden will result in the withdrawal of Mr. Heinze. Doc. 54 at 5 n.3.

The Court will exclude testimony from Mr. Tilden, as the topics on which he is prepared to opine are no longer relevant. Testimony from Mr. Heinze is also excluded.

This Order makes moot the plaintiff's motion to extend the discovery deadline.

Mr. Bayes' motion to supplement his answer and counterclaim, Doc. 49, awaits decision pending review of briefing once it is completed.

It is **ORDERED** that:

1. The plaintiff's motion to exclude the opinions of Bryan Tilden, Doc. 46, is **GRANTED**.

2. Testimony by Bernd Heinze is also excluded.

3. The plaintiff's motion for extension of time to complete discovery, Doc. 50, is **DENIED** as moot.

This the 19th day of December, 2022.

_____
UNITED STATES DISTRICT JUDGE

2