IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

NAUTILUS INSURANCE )
COMPANY, )
 )
      Plaintiff, )
 )
    v. )    1:22-CV-64
 )
KEAVE W. BAYES, CRAIG )
RUTLAND, and KENNETH )
DARRELL ANDREWS, )
 )
      Defendants. )

## ORDER

    The defendant Keave Bayes was injured while waiting for logs to be loaded on his truck so that he could haul the logs to a paper mill for the defendant Craig Rutland. Nautilus Insurance Company seeks a declaratory judgment that the commercial general liability policy it issued to Mr. Rutland does not cover Mr. Bayes' personal injury damages. Because the policy has an unambiguous exclusion that applies, Nautilus has no duty to indemnify Mr. Rutland and his employee, the defendant Kenneth Andrews, and Nautilus is entitled to summary judgment. Mr. Bayes' motion for summary judgment will be denied.

### I.    Undisputed Facts

    Mr. Rutland owns Rutland Logging, a sole proprietorship in the logging business. Doc. 57-1 at 3.[1] He contracts with timber buyers and mills to harvest and transport

---

[1] The Court has used the pagination appended by the CM-ECF system for this and other deposition cites, not the internal pagination used by the court reporters.

timber. Doc. 57-2 at 4. Mr. Rutland and his workers cut the timber, *see id.*, and then Mr. Rutland hires "contract haulers" to transport the timber to the buyers. *See id.* at 5–6; Doc. 57-3 at 3; Doc. 57-4 at 3. Mr. Rutland pays contract haulers by the mile for their work. Doc. 57-2 at 7–8. The buyers pay Mr. Rutland after they receive the timber from the haulers. *Id.* at 4–5.

Mr. Andrews worked for Mr. Rutland processing and loading timber. Doc. 57-4 at 3. Mr. Bayes worked as contract hauler, *id.*, Doc. 57-2 at 5, and he has hauled timber for Mr. Rutland many times. Doc. 57-2 at 9; *see* Doc. 57-3 at 4; Doc. 57-4 at 3.

In February 2018, Carolina Forest Products contracted with Mr. Rutland to harvest and transport timber from Guy Tract to the International Paper mill. Doc. 57-2 at 11–12. Mr. Rutland arranged with Mr. Bayes to transport the timber. *See id.* at 12–13; Doc. 57-3 at 3. While Mr. Bayes was waiting for his tractor-trailer to be completely loaded, a log fell on his head and caused serious bodily injury. *See* Doc. 62-4 at 86, 92; Doc. 57-2 at 15. Because Mr. Bayes was injured, he did not transport the load to the mill. Doc. 57-2 at 15.

## II. The Insurance Policy

Mr. Rutland and Nautilus have an insurance contract known as a commercial general liability insurance policy. *See* Doc. 1-2. The policy provides that Nautilus "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies." *Id.* at 5 § I(1)(a).

The policy contains some express exclusions to coverage. One exclusion known as the L205 endorsement provides that the policy does not apply to:

2

> Bodily injury to:
>
> > (1) Employees, leased workers, temporary workers, volunteer workers, statutory employees, casual workers, seasonal workers, contractors, subcontractors, or independent contractors of any insured; or
> > (2) Any insured's contractors', subcontractors', or independent contractors' employees, leased workers, temporary workers, volunteer workers, statutory employees, casual workers, seasonal workers, contractors, subcontractors, or independent contractors
>
> arising out of and in the course of:
> (a) Employment by any insured; or
> (b) Directly or indirectly performing duties related to the conduct of any insured's business[.]

*Id.* at 39 (cleaned up). This exclusion applies "[r]egardless of where" the "[s]ervices are performed" or where the "[b]odily injury occurs." *Id.* (cleaned up).

### III. The State Court Personal Injury Case

In April 2020, Mr. Bayes sued Mr. Rutland and Mr. Andrews in state court for his injuries. Doc. 1-1. Nautilus provided a defense subject to a reservation of rights. *See* Doc. 62-4 at 11. In January 2022, Nautilus filed this action seeking a declaratory judgment that the insurance policy does not cover any damages from the February 2018 accident. Doc. 1. In April 2022, a jury returned a large verdict for Mr. Bayes and against Mr. Rutland and Mr. Andrews. Doc. 27-1.

### IV. Discussion

Nautilus moves for summary judgment, contending it has no duty to indemnify Mr. Rutland and Mr. Andrews. Doc. 56. Mr. Bayes also moves for summary judgment,

3

contending otherwise. Doc. 64. While the parties make a number of arguments, the dispositive issue is whether the L205 endorsement applies, so that is the only issue the Court will discuss.

The parties agree that North Carolina law governs. Doc. 62 at 19; *see* Doc. 57 at 7–8 (citing North Carolina cases). Under North Carolina law, interpretation of the language in an insurance policy is a question of law for the court. *See, e.g.*, *N.C. Farm Bureau Mut. Ins. Co. v. Mizell*, 138 N.C. App. 530, 532, 530 S.E.2d 93, 95 (2000). "[T]he object of construing an insurance policy is to arrive at the insurance coverage intended by the parties when the policy was issued." *Harleysville Mut. Ins. Co. v. Buzz Off Insect Shield, L.L.C.*, 364 N.C. 1, 9, 692 S.E.2d 605, 612 (2010) (cleaned up). When ambiguous, provisions in an insurance policy that exclude coverage are construed narrowly, as the insurer "is the party that selected the words used." *Id.*; *see also State Cap. Ins. Co. v. Nationwide Mut. Ins. Co.*, 318 N.C. 534, 538, 350 S.E.2d 66, 68 (1986).

Ambiguity only exists when the language is "fairly and reasonably susceptible" to different interpretations. *Wachovia Bank & Tr. Co. v. Westchester Fire Ins. Co.*, 276 N.C. 348, 354, 172 S.E.2d 518, 522 (1970). If the language is not ambiguous, the court "must enforce the contract as the parties have made it" and may not "remake the contract." *Id.*; *see also Buzz Off*, 692 S.E.2d at 612.

Here, the L205 endorsement is unambiguous and excludes coverage for Mr. Bayes' injuries from the February 2018 accident. The exclusion states that the policy will not cover "[b]odily injury to . . . [e]mployees . . . or independent contractors of any insured . . . arising out of and in the course of . . . [d]irectly or indirectly performing

4

duties related to the conduct of any insured's business." Doc. 1-2 at 39. It is undisputed that Mr. Bayes was injured while working as a contract hauler for Mr. Rutland's business, *see* Doc. 57-3 at 4–5 (noting it was Mr. Bayes' plan to transport the logs on the day of the accident), Doc. 57-2 at 12,[2] and while he waited for others to load his truck with the timber. Transportation is integral to Mr. Rutland's business because buyers require and expect him to transport the timber from the tracts to the mills. Doc. 57-2 at 4; *see also id.* at 13 ("[T]o be able to get [the timber] to the mill and get paid, you had to have trucks."). Thus when Mr. Bayes was injured, he was performing a duty directly or indirectly related to Mr. Rutland's business because Mr. Bayes could not transport the timber until the workers finished loading the truck and Mr. Rutland would not get paid until Mr. Bayes, or someone else like him, transported the timber. Mr. Bayes' injuries arose out of and in the course of directly or indirectly performing duties related to Mr. Rutland's logging business.

Mr. Bayes contends that the L205 endorsement does not apply because Mr. Rutland did not pay him for transporting the timber on the day of the accident. Doc. 62 at 17. There is some dispute over whether Mr. Rutland paid Mr. Bayes, *see* Doc. 57-2 at 16, but whether Mr. Rutland paid him for that day is not determinative. The undisputed evidence shows that Mr. Rutland hired Mr. Bayes to transport the logs from a tract to a mill as he had done in the past. Mr. Rutland consistently paid Mr. Bayes for this work,

---

[2] It is not necessary to determine whether Mr. Bayes was an independent contractor or an employee because the language is broad and excludes coverage for independent contractors, employees, and other types of workers. *See* Doc. 1-2 at 39.

5

*see id.* at 10, Doc. 57-3 at 4, and he planned to pay Mr. Bayes that day "once he hauled the logs to the paper mill." Doc. 57-2 at 13. Thus, there is no dispute that Mr. Rutland hired Mr. Bayes to perform a job related to Mr. Rutland's business.

Mr. Bayes contends that the L205 endorsement does not apply because he was not performing logging activities when he was injured. Doc. 62 at 17–18, 23–27; Doc. 65 at 12–16. It is undisputed that Mr. Bayes did not cut or load logs; he only hauled logs. *See* Doc. 70 at 7; Doc. 57-2 at 5. But this distinction does not matter; as previously explained, the evidence shows that the transportation of logs relates to Mr. Rutland's business and Mr. Bayes was on site in order to transport the logs.

Mr. Bayes contends that the L205 endorsement does not apply because he was standing outside his truck when he was injured and was not actively hauling the timber. Doc. 62 at 17–18. But Mr. Bayes ignores the broad language of the exclusion. The exclusion applies to bodily injuries arising out of duties "[d]irectly or indirectly" related to Mr. Rutland's logging business. Mr. Bayes was at the scene of the accident only because Mr. Rutland hired him to perform a job, and he could not have performed that job without waiting for others to load his truck. At a minimum, waiting for the truck to be loaded indirectly relates to Mr. Rutland's logging business.

## V. Conclusion

The insurance policy here is unambiguous and excludes coverage for bodily injury to a broad category of persons if the injury arose out of and in the course of directly or indirectly performing duties related to Mr. Rutland's logging business. Since transportation is integral to Mr. Rutland's business, Mr. Rutland hired Mr. Bayes to

6

transport the logs, and the accident occurred while Mr. Bayes waited for his truck to be loaded, the policy excludes coverage for Mr. Bayes' personal injuries.

It is **ORDERED** that:

1. The plaintiff's motion for summary judgment, Doc. 56, is **GRANTED**.

2. The defendant Keave Bayes' motion for summary judgment, Doc. 64, is **DENIED**.

3. Judgment will be entered separately as time permits.

This the 15th day of March, 2023.

_____
UNITED STATES DISTRICT JUDGE